**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **WALGREEN COMPANY,** | ) | **CASE NO.1:10CV2902** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **JAMES J. HUMMER, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

    This matter is before the Court on Plaintiff Walgreen Co.'s ("Walgreen") Motion to Dismiss Amended Counterclaim (ECF # 49).  For the following reasons, the Court dismisses, without prejudice, Defendant's Amended Counterclaims.

    In March of 2008, Plaintiff purchased Hummer Whole Health Management, Inc., a provider of workplace health care clinics, for one hundred seventeen million dollars per a merger agreement.  As part of the sale, Defendant James Hummer ("Hummer"), President and CEO of Hummer Whole Health, agreed not to compete with Hummer Whole Health.  Hummer also entered into a separate Transition Agreement wherein Hummer would be employed with the newly merged company for an undefined period of time.  Under this agreement, Hummer received three million dollars for his employment with the new entity.  Both the Merger Agreement and Transition Agreement contained non-solicitation and non-compete clauses. However, according to the Amended Complaint, sometime in June 2008, Hummer began planning to compete with his recently sold company in direct violation of the non-compete

1

agreements.  According to the Amended Complaint, Hummer did, in fact, create a new company called Live Whole Health designed to directly compete with Walgreen.  Plaintiff alleges Hummer even solicited clients or potential clients of Walgreen in direct violation of the agreements.  In August of 2008, Hummer and Walgreen entered into a third agreement called the Release Agreement, terminating Hummer's employment with the newly merged company.   Under the terms of the Release Agreement, Hummer released any claims against Walgreen in exchange for an acceleration of the three million dollar compensation under the Transition Agreement. The Release Agreement contained a clause wherein Hummer reaffirmed the clauses in the Merger and Transition Agreements applicable to him.

On December 23, 2010, Plaintiff brought this suit against Defendants alleging, breach of the three agreements, fraudulent inducement of the Release Agreement, trademark infringement and a claim for violation of Ohio's Deceptive Trade Practices Act.  Defendants have filed an Amended Counterclaim alleging contingent claims for Promissory Estoppel, Breach of Contract and Fraud Inducement.

On November 1, 2011, Plaintiff moved to dismiss Defendants' Amended Counterclaims, contending they are not ripe for review unless and until such time as Plaintiff, if it prevails on its claim of Fraudulent Inducement of the Release Agreement, chooses to rescind the contract. According to Plaintiff, because Hummer signed a release of his claims against Walgreen, he cannot maintain his Amended Counterclaims until Plaintiff elects to rescind the very contract containing the release.  Furthermore, Plaintiff contends Defendant has not offered to return the monies paid as consideration for the Release Agreement.  According to Plaintiff, Hummer must tender the funds received under the Release Agreement as a condition precedent to pursuing his

2

Amended Counterclaims. _____

## STANDARD OF REVIEW

Defendant's Motion to Dismiss was brought under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  Fed. R. Civ. P. 12(b)(1) states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter....

When challenged on a Motion to Dismiss, it is Plaintiff's burden to prove the existence of subject matter jurisdiction.  *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir.1986).  Such challenges are brought by two different methods: (1) facial attacks; and (2) factual attacks. *See, e.g., United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994).

"A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Walters v. Leavitt*, 376 F.Supp.2d 476, 752 (E.D. Mich 2005), *citing Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations,.... and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  But the fact that the court takes evidence for the purpose of deciding the jurisdictional issue does not mean that factual findings are therefore binding in future proceedings." *Walters* at 752.  (Citation omitted).

Fed. R. Civ. P. 12(b)(6) states:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted;

" The Supreme Court has recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion." *CGH Transport Inc. v. Quebecor, World, Inc.,* 261 Fed. App'x. 817, 819, (6th Cir. 2008) citing *Bell Atl. Corp. v. Twombly ,* --- U.S. ----, 127 S.Ct. 1955 (2007). Factual allegations contained in a complaint must 'raise a right to relief above the speculative level.' *Id.* at 1965.  *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir.2007).  When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.  *See Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001).

The parties do not dispute that Hummer signed a Release Agreement restricting his ability to pursue claims against Walgreen.  Hummer concedes his claims are contingent upon Plaintiff electing rescission of the Release Agreement as evidenced in his Answer and Amended Counterclaim which reads in pertinent part:

> 48. Walgreens' complaint in this action alleges that Hummer fraudulently induced Walgreens into the Release Agreement. If Walgreens elects to seek rescission of

4

the Release Agreement, Hummer will be entitled to pursue his claims against
Walgreens for promissory estoppel, breach of contract, and fraudulent inducement
of the merger agreement. Hummer therefore asserts these counterclaims
contingent upon Walgreens electing to seek rescission of the
Release Agreement.

Because Hummer's claims are contingent upon Plaintiff's rescission of the Release

Agreement, Plaintiff argues Hummer's claims must be dismissed because they are not ripe.  "A

claim is not ripe 'if it rests on contingent future events that may not occur as anticipated or may

never occur at all.'" *Meyer v. Chieffo*, 193 Ohio App.3d 51, 60-61, (Ohio App. 2011), citing

*Texas v. United States* (1998), 523 U.S. 296, 300.  Plaintiff argues that before Hummer may

assert his contingent claims, Plaintiff must first elect rescission as a remedy and then prevail on

its fraudulent inducement claim.  Because these are speculative future events that may not occur,

Plaintiff contends Hummer's contingent claims are not yet ripe and must be dismissed.

Hummer argues that while his Counterclaims are "likely barred by the Release

Agreement" (Brief in Opposition pg. 7), they are already ripe since Plaintiff has already

committed the wrongful acts that underpin the Counterclaims.  Therefore, the Counterclaims are

ripe and are merely subject to affirmative defenses, not dismissal.  Furthermore, Hummer

contends that Plaintiff must first tender to Hummer the consideration it received under the

Release Agreement before it can pursue rescission.  Hummer also argues that Plaintiff will have

to elect, before trial, which remedy it will seek for Hummer's alleged fraudulent inducement.

Therefore, at some point before trial, if Plaintiff chooses to pursue rescission, the Release would

no longer be a bar and Hummer's counterclaims would not be contingent.  Finally, Hummer

contends the Court should entertain his Counterclaims in the interest of judicial economy since

they involve many of the same facts and circumstances alleged in Plaintiff's Amended Complaint

5

and would preclude another legal proceeding after the conclusion of this case.

### ANALYSIS

The Sixth Circuit has held, "[r]ipeness requires that the 'injury in fact be certainly impending'." *National Rifle Ass'n of America v. Magaw,* 132 F.3d 272, 280 (6th Cir. 1997) *q*uoting *National Treasury Employees Union v. United States,* 101 F.3d 1423, 1427 (D.C.Cir.1996).  "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for the court's review." *Id.* citing *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148 (1967), *overruled on other grounds, Califano v. Sanders,* 430 U.S. 99, 105 (1977).

The ripeness doctrine's purpose "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agricultural Products Co.,* 473 U.S. 568, 580  (1985).  "Ripeness is, thus, a question of timing." *Magaw* at 284.  The Sixth Circuit has established three factors courts must consider when deciding ripeness.  These factors are as follows: "the likelihood that the harm alleged by plaintiffs will ever come to pass;" (2) "whether the factual record of this case is sufficiently developed to produce a fair and complete hearing as to the prospective claims;" and (3) "the hardship that refusing to consider plaintiff's prospective claims would impose upon the parties." *United Steelworkers of America, Local 2116 v. Cyclops Corp.,* 860 F.2d 189, 194-95 (6th Cir.1988).

Having considered the respective motion and briefs of the parties, the Court holds that Hummer's claims are not ripe for review and may not be maintained at this time.  In reaching this conclusion, the Court relies on the fact that Hummer acknowledges he released the claims he now seeks to assert against Plaintiff when he entered into the Release Agreement.   Hummer

6

further acknowledges his Counterclaims are entirely contingent upon Plaintiff's electing to rescind and prevailing on its fraudulent inducement of the Release Agreement claim. Thus, it is far from certain, and no more than speculative, that Plaintiff will elect rescission and prevail on its fraudulent inducement claim. Hummer's Counterclaims are contingent upon two separate events occurring, neither one being a certainty.

While the factual record is or could be largely developed in this proceeding, it is undisputed that Hummer's counterclaims are contingent and cannot be brought until the Release Agreement is rescinded. To permit discovery and briefing on claims that undisputedly CANNOT be brought under the Release Agreement, which is still in effect, militates strongly in favor of finding the claims unripe.

Finally, the prejudice to Hummer is minimal since the dismissal here would be without prejudice, subject to refiling in the event that Plaintiff prevails and elects rescission. The Court is further persuaded that Hummer's claims should not be entertained at this time because it is within Hummer's power to bring his own claim for fraudulent inducement of the Release Agreement based on his version of the facts as described in the Answer and Amended Counterclaim. The Release Agreement's own terms reveal that Ohio law applies to its construction and enforcement. (Release Agreement ¶ 8). In Ohio, "[a] release of a cause of action for damages is ordinarily an absolute bar to a later action on any claim encompassed within the release." *Haller v. Borror Corp.,* 50 Ohio St.3d 10, 13 (Ohio,1990), citing *Perry v. M. O'Neil & Co.* (1908), 78 Ohio St. 200. "To avoid that bar, the releasor must allege that the release was obtained by fraud and that he has tendered back the consideration received for his release." *Id.* at 13 citing *Manhattan Life Ins. Co. v. Burke*, 69 Ohio St. 294 (Ohio,1903). "A

releasor may not attack the validity of a release for fraud in the inducement unless he first tenders back the consideration he received for making the release." *Berry v. Javitch, Block & Rathbone, L.L.P.* 127 Ohio St.3d 480, 485 (Ohio 2010).

Therefore, Hummer could maintain his Counterclaims by challenging the Release Agreement and tendering the monies received in consideration for the Agreement, but has chosen not do so.  Therefore, the prejudice to Hummer is minimal since it lies within his own power to assert his Counterclaims in this action.

Therefore, for the above reasons the Court finds Hummer's contingent Counterclaims are not ripe for ruling and dismissal is appropriate under 12(b)(1).  "If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed ." *Bigelow v. Michigan Dep't of Natural Res.,* 970 F.2d 154, 157 (6th Cir.1992).  The Court grants Plaintiff's Motion to Dismiss Hummer's contingent Counterclaims as unripe and the Court dismisses Hummer's Counterclaims without prejudice.[1]

IT IS SO ORDERED.

 s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

DATED:  May 11, 2012

---

[1]    The Sixth Circuit reversed a district court's dismissal with prejudice after it found the plaintiff's claims were unripe. "It should have been dismissed without prejudice, thereby allowing the plaintiff to reassert this claim, should it become ripe in the future. *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005) See also *Alltel Tennessee, Inc. v. Tennessee Public Service Comm'n,* 913 F.2d 305, 307 (6th Cir.1990) ("because the case was not ready for a judicial determination, we ... dismiss the case without prejudice")

8